UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Criminal No. 16-cr-156 (TSC) |
| **RAYMOND CARTER**, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

Raymond Carter moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), due to COVID-19 and his age. (ECF No. 27, Release Mot.) The Government opposes the motion. (ECF No. 33-1, Gov't Opp.) On May 19, 2020, this court held the motion in abeyance pending exhaustion of Carter's administrative remedies. (ECF No. 43.) Carter represents that he submitted a request for release with the warden on April 29, 2020. (Release Mot. at 9.) Because thirty days have passed since the warden received his request, his motion is ripe for review. *See* 18 U.S.C. § 3582(c)(1)(A).

On September 20, 2016, Carter pleaded guilty to one count of travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). (ECF No. 12.) He was sentenced to 80 months in prison to be followed by 10 years of supervised release. (ECF No. 25.) Carter has now served approximately 48 months. (Release Mot. at 5.) He is 76 years old and tested positive for COVID-19 in April, but has remained asymptomatic. (Release Mot. at 2; ECF No. 38 at 2.) He has no other documented health issues. (*See generally* Release Mot.; Gov't Opp.)

As modified by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment. The court must decide whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission." *Id.* In doing so, the court must also consider the sentencing factors under 18 U.S.C. § 3553(a), to the extent they apply. *Id.* The court finds that Carter has set forth "extraordinary and compelling reasons" to warrant a reduction in his sentence consistent with the sentencing factors. 18 U.S.C. § 3582(c)(1)(A)(i).

First, Carter's age and the rapid spread and lethality of COVID-19 make for extraordinary and compelling reasons justifying release. While Carter has already contracted COVID-19, he is 76 years old and there is no guarantee that he does not continue to face risks from COVID-19.[1] (ECF No. 38 at 2; ECF No. 40.) Moreover, Carter's advanced age places him at a heightened risk of developing serious complications should he be exposed again. If released, Carter will be able to more effectively avoid contracting COVID-19 and will have access to medical care through the Department of Veterans Affairs. (Release Mot. at 19.) For all these reasons, the court concludes that extraordinary and compelling reasons warrant a reduction of Carter's sentence to time served.

Second, releasing Carter is consistent with the Sentencing Commission's section 3553(a) sentencing factors and applicable policy statements. *See* 18 U.S.C. 3553(a); U.S.S.G. § 1B1.13. He has served over half of his sentence. The sentence that Carter has served thus far, and that he will continue to serve when on supervised release, balances the seriousness of his crime with his acceptance of responsibility. Further, in sentencing Carter, the court did not intend for his sentence to "'include incurring a great and unforeseen risk of severe illness or death' brought on by a global pandemic." *United States v. Zukerman*, No. 16-cr-194, 2020 WL 1659880, at *6

---

[1] The government contends that because Carter has contracted COVID-19 and seemingly recovered, his motion is moot. (ECF No. 45.) The government concedes, however, that scientific authorities are uncertain about whether a person can contract COVID-19 more than once. (*See id.* at n.1.) Given the uncertainty, the court will not reject Carter's motion on this basis.

2

(S.D.N.Y. Apr. 3, 2020) (quoting *United States v. Rodriguez*, No. 03-cr-271, 2020 WL 1627331, at *12 (E.D. Pa. Apr. 1, 2020)).

A variety of factors also indicate that Carter does not pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).  He has had no disciplinary issues while imprisoned.  (ECF No. 32.)  He also had perfect compliance while previously on supervised release, and re-offended only when his release ended.  (Release Mot. at 17.)  His release plan includes living with his sister, who lives alone in a home with an extra room.  (*Id.* at 15.)  No children live in the home or frequently visit it.  (ECF No. 47, Probation Report, at 2.)  In addition, while his sister has a laptop computer, she has agreed to lock it while not in use, (ECF. No. 38 at 7), and U.S. Probation can conduct periodic inspections of it to ensure compliance, (Probation Report at 2.)  Therefore, the court finds that under Carter's proposed release plan, he does not pose a danger to the community.

### III. ORDER

 In light of the foregoing discussion, it is hereby

ORDERED that Carter's motion is GRANTED and it is further ORDERED that Carter's prior sentence of 80 months' imprisonment is reduced to TIME SERVED plus 30 months of supervised release.  It is further

ORDERED that Carter must call the Probation Office within 72 hours of his release from custody to commence the 30-month term of supervised release imposed in this judgment.  Carter shall abide by all conditions of release set forth in the original judgment dated December 12, 2016.  It is further

ORDERED that Carter must reside at the location designated in San Francisco, California in his filing of April 29, 2020, ECF No. 27, and the Probation Report, ECF No. 47.  It is further

ORDERED that Carter shall serve the first 180 days of his 30-month term of supervised release under home incarceration, with location monitoring technology at the discretion of the Probation Office.  During this period of home incarceration, Carter shall remain inside the residence at all times, except for medical necessities, court appearances, and any other activities specifically approved by the court.  It is further

ORDERED that Carter shall identify all computer systems, internet capable devices, and similar memory and electronic devices to which he has access, and allow installation of a computer and internet monitoring program.  This shall include the laptop identified in Carter's filing of May 9, 2020, ECF No. 38.  It is further

ORDERED that all other provisions of the sentence imposed in the original judgment dated December 12, 2016 remain in effect.

Date:  June 9, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge